Verified Correct Copy of Original 3/4/2019.

FILED
2019 MAR -4 PM 2: 19
FOR MULTNOMAH COUNTY

**IN THE CIRCUIT COURT FOR THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH** 19CV09798

| | |
|---|---|
| M.S.G.<br><br>Plaintiff,<br><br>v.<br><br>TERRANCE BEAN,<br><br>Defendant. | CASE NO.<br><br>COMPLAINT<br><br>Declaratory Relief under ORS 28.010<br>Rescission/Contractual Dissolution<br><br>Sexual Battery/Battery/Abuse of a Vulnerable Person/ Negligence<br><br>Amount in Controversy Declaratory Relief: $220,000.00<br><br>Amount in Controversy Assault/Battery: $6,150,000.00<br><br>Filing Fee Authority: ORS 21.160(1)(d) - $834.00 |

Plaintiff alleges as follows, upon information and belief:

**PARTIES**

1.

M.S.G. ("Plaintiff"), appearing through a pseudonym, is an adult male who resides in California.

2.

TERRANCE BEAN ("Defendant BEAN" or "BEAN") is an adult male, and at all times relevant, resided in Multnomah County, Oregon.



Sean J. Riddell & Christine S. Mascal
2905 NE Broadway, Portland, OR 97232
971.219.8453 / 503.320.1020
sean.riddell@live.com / cmascal@mascal-law.com

_Verified Correct Copy of Original 3/4/2019._

3.

At all material times, LORI DEVENY ("DEVENY") was a licensed attorney engaged in the practice of law in Oregon. At all material times, DEVENY maintained a principle place of business at 1020 SW Taylor, Suite 690, Portland, OR 97205.

**FACTS**

4.

On or about September 27, 2013 in Lane County, Oregon, BEAN engaged in sexual relations with Plaintiff M.S.G.

5.

Plaintiff M.S.G. was 15 years old on or about September 27, 2013, and therefore, was legally incapable of consenting to sexual relations with BEAN.

6.

On or about December 3, 2014, BEAN was indicted in Lane County, Oregon for the following crimes against Plaintiff: (Count 1) Sodomy in the Third Degree; (Count 2) Sodomy in the Third Degree; and (Count 3) Sexual Abuse in the Third Degree.

7.

On or about June 10, 2014, DEVENY advised Plaintiff and Plaintiff's guardian to enter into a Confidential Settlement Agreement, Release, Civil Compromise and Covenant Not To Sue. (Exhibit A and incorporated by reference).

8.

The Agreement was unlawful and void for public policy reasons for the following reasons:

A. The agreement forbade M.S.G. from testifying in any criminal proceeding against

Sean J. Riddell & Christine S. Mascal
2905 NE Broadway, Portland, OR 97232
971.219.8453 / 503.320.1020
sean.riddell@live.com / cmascal@mascal-law.com

_Verified Correct Copy of Original 3/4/2019._

BEAN related to the events of September 27, 2013.

B. The agreement forbade M.S.G. from ever asserting or testifying that BEAN engaged or attempted to engage in criminal and/or unlawful activity related to the events of September 27, 2013.

C. The agreement required M.S.G. to release BEAN of all criminal conducted by BEAN that was known and unknown to M.S.G.

9.

In adherence with DEVENY'S negligent advice, plaintiff's guardian signed the Agreement. Plaintiff did not sign the Agreement. The signature that appears on the June Agreement/Exhibit A above plaintiff's initials is not plaintiff's signature. There is sufficient information and belief to allege DEVENY forged plaintiff's signature.

10.

On or about July 2, 2015 BEAN filed a Motion for Civil Compromise and moved the court to dismiss the pending Lane County criminal indictment enumerated as #20-14-23604. On or about July 20, 2015, the court denied BEAN'S Motion for Civil Compromise.

11.

Upon denial of the motion, DEVENY advised plaintiff and plaintiff's guardian that the Agreement/Exhibit A required them to hide from the Lane County Prosecutor's office to avoid service of a trial subpoena and furthermore, to absent themselves from the criminal trial. Unbeknownst to plaintiff and plaintiff's guardian, DEVENY entered further settlement negotiations with BEAN and his attorney, Derek Ashton ("ASHTON"). There is sufficient information and belief to allege that DEVENY and ASHTON negotiated a subsequent Agreement without plaintiff's approval or consent. The second Agreement signed on or about July 20th was illusionary. The agreement states, in relevant part, that plaintiff and plaintiff's

Sean J. Riddell & Christine S. Mascal
2905 NE Broadway, Portland, OR 97232
971.219.8453 / 503.320.1020
sean.riddell@live.com / cmascal@mascal-law.com

Verified Correct Copy of Original 3/4/2019.

guardian agreed to forestall the filing of any civil suit until after the resolution of the criminal proceeding in consideration of $20,000. The actual purpose of the contract was to prevent plaintiff's presence at BEAN'S criminal trial. BEAN and his representative provided $20,000 to DEVENY for the sole purpose to cover to expenses and incentive to plaintiff's and plaintiff's guardian to avoid service of the trial subpoena and further avoid appearing as a witness at BEAN'S criminal trial.

12.

The July 20th agreement is attached as Exhibit B and incorporated by reference. There is sufficient information and belief to allege that DEVENY forged both plaintiff's signature and plaintiff's guardian's signature. DEVENY did not disclose the second Agreement/Exhibit B to plaintiff and plaintiff's guardian

13.

DEVENY then hid and secreted plaintiff and plaintiff's guardian in various places in Oregon until the criminal trial date (and ultimate dismissal) of the pending Lane County criminal case.

14.

Upon information and belief of an Oregon State Bar ethic complaint filed February 21, 2019 by the law firm of Bodyfelt Mount L.L.P., Ms. Deanna Wray ("WRAY") participated in a plan to conceal either plaintiff or another key witness. There is sufficient information and belief to allege that WRAY assisted DEVENY in concealing plaintiff from the Lane County District Attorney's Office to ultimately absent plaintiff from appearing at trial.

15.

When the Lane County criminal case was dismissed, BEAN'S attorney and DEVENY entered into a third Agreement. This Agreement is attached as Exhibit C and is incorporated by

Sean J. Riddell & Christine S. Mascal
2905 NE Broadway, Portland, OR 97232
971.219.8453 / 503.320.1020
sean.riddell@live.com / cmascal@mascal-law.com

Verified Correct Copy of Original 3/4/2019.

reference. The third Agreement purports to be signed by plaintiff and plaintiff's guardian on or about September 2nd. There is sufficient information and belief to allege that DEVENY did not receive plaintiff's or plaintiff's guardian's permission to enter into negotiations for the third agreement/Exhibit C and did not receive plaintiff's or plaintiff's guardian permission to complete the third agreement. There is sufficient information to allege that DEVENY forged plaintiff's and plaintiff's guardian's signature on the September settlement Agreement/Exhibit C.

DEVENY failed to adhere to ORS 126.725 Settlement Agreement on Behalf of Minor in designating the $200,000 listed in Exhibit C and the additional $20,000 listed in Exhibit B. Exhibits A, B, and C are unenforceable contract for the following, but not exclusive reasons:

A. In violation ORS 126.725(1)(d) DEVENY did not advise plaintiff's guardian to complete an affidavit or a verified statement that they completed a reasonable inquiry and that:

1. The minor was fully compensated; or
2. There was no practical way to obtain additional amounts from the party entering into the settlement agreement with the minor.

B. In violation of ORS 126.725(3)(a) - DEVENY did not deposit the moneys received on behalf of the minor into a federally insured savings account that earns interest in the sole name of the minor, and provide notice of the deposit to the minor and the person entering into the settlement agreement on behalf of the minor.

16.

Starting in March of 2016 DEVENY began providing plaintiff with settlement proceeds payments in the amount of: $1000; $2500; $500; $500; and $500 for a total of $5000. Despite plaintiff's many attempts to receive the remaining amount of his settlement funds, DEVENY did not provide plaintiff with the remaining funds.

///

Sean J. Riddell & Christine S. Mascal
2905 NE Broadway, Portland, OR 97232
971.219.8453 / 503.320.1020
*sean.riddell@live.com / cmascal@mascal-law.com*

_Verified Correct Copy of Original 3/4/2019._

17.

In June of 2018 the Oregon State Bar issued a warning that DEVENY posed a threat of "public harm" and was stealing funds and committing malpractice.

18.

Plaintiff became aware of DEVENY'S malpractice in September of 2018. Plaintiff became aware that DEVENY forged his signature on Exhibits B and C on or about February 2, 2019.

19.

Plaintiff is unable to tender the $220,000 offered by BEAN because BEAN'S consideration was taken by DEVENY and without fault to Plaintiff or Plaintiff's guardian. See *Jones v. McGinn,* 70 Or 236 (1914).

**FIRST CLAIM FOR RELIEF - DECLARATORY RELIEF**

**Count One - Rescission**
**(Rescission through Fraudulent Inducement/Concealment/Unlawful Purpose/Unconscionability)**

20.

Plaintiff re-alleges all preceding paragraphs.

21.

An actual controversy has arisen between Plaintiff and Defendant. ORS 28.010 grants this Court the power to declare the rights, status and other legal relations of the parties to the Agreement, whether or not further relief is or could be claimed.

22.

DEVENY executed Exhibits B and C by making the following, but not exclusive to, fraudulent representations:

1. Exhibit B represented a limited waiver of plaintiff's civil remedies, when the purpose of Exhibit B was to tamper with plaintiff's witness testimony and to fund plaintiff's

Sean J. Riddell & Christine S. Mascal
2905 NE Broadway, Portland, OR 97232
971.219.8453 / 503.320.1020
*sean.riddell@live.com / cmascal@mascal-law.com*

Verified Correct Copy of Original 3/4/2019.

avoidance of a trial subpoena and secure plaintiff's absence at BEAN'S schedule criminal jury trial;

2. DEVENY did not have plaintiff's or plaintiff's guardian's authority to negotiation the terms of Exhibit B;
3. DEVENY did not have plaintiff's or plaintiff's guardian's permission to complete Exhibit B;
4. DEVENY did not have plaintiff's or plaintiff's guardian's permission to sign apply their signatures to Exhibit B;
5. Exhibit B is an unenforceable contract because it's actual purpose is to hide the crimes of Witness Tampering ORS 162.285 and/or Bribing a Witness ORS 162.265;
6. Exhibit C represented a continuation of Exhibit B, illusionary and unenforceable;
7. DEVENY did not have plaintiff's or plaintiff's guardian's authority to negotiation the terms of Exhibit C;
8. DEVENY did not have plaintiff's or plaintiff's guardian's permission to complete Exhibit C;
9. DEVENY did not have plaintiff's or plaintiff's guardian's permission to sign apply their signatures to Exhibit C;
10. Exhibit C is an unenforceable contract because it's actual purpose is a continuation of Exhibit B and, it's hidden purpose was to conceal the crimes of Witness Tampering ORS 162.285 and/or Bribing a Witness ORS 162.265.

23.

These representations were material and false. Defendant BEAN knew that these representations were false and that the agreements were illusionary, unlawful and unenforceable.

Sean J. Riddell & Christine S. Mascal
2905 NE Broadway, Portland, OR 97232
971.219.8453 / 503.320.1020
*sean.riddell@live.com / cmascal@mascal-law.com*

_Verified Correct Copy of Original 3/4/2019._

Plaintiff was ignorant of this falsity and rightfully relied on the truth of the representations made by BEAN, ASHTON and DEVENY.

24.

Plaintiff elects to pursue the remedy of rescission. The Court should issue a declaration that Exhibits A and B are rescinded because:

1. BEAN fraudulently induced plaintiff to execute Exhibits B and C;

2. BEAN concealed the true purpose of Exhibits B and C;

3. Exhibits B and C are unlawful contracts and unenforceable.

**Count Two - Void as a Violation of Public Policy**

25.

Plaintiff re-alleges all previously alleged paragraphs and incorporates all previously incorporated exhibits.

26.

The purpose of Exhibit B was to secret plaintiff from the prosecutor and compel his disobedience with a criminal subpoena to testify at trial. The purpose of Exhibit B was to bride plaintiff into not testifying at BEAN'S criminal trial. Exhibit B documents the crime of ORS 162.265 Bribing a Witness. Exhibit B is unenforceable.

27.

The purpose of Exhibit C was to compensate plaintiff and DEVENY for their participation in Exhibit B. The purpose of Exhibit C was to disguise the exchange of money and crime of ORS 162.265 Bribing a Witness. Exhibit C is unenforceable.

**SECOND CLAIM FOR RELIEF - SEXUAL BATTERY**

28.

Plaintiff realleges and incorporates herein all previously alleged paragraphs.

Sean J. Riddell & Christine S. Mascal
2905 NE Broadway, Portland, OR 97232
971.219.8453 / 503.320.1020
sean.riddell@live.com / cmascal@mascal-law.com

_Verified Correct Copy of Original 3/4/2019._

29.

On or about September 27, 2013, plaintiff was unable to consent to sexual activity with BEAN pursuant to ORS 163.315(1)(a).

30.

On or about September 27, 2013, BEAN repeatedly engaged in a pattern of sexual abuse against M.S.G. including oral sodomy and anal sodomy.

31.

As a result of BEAN'S sexual abuse, M.S.G. will require future counseling and other treatment and incur related expenses in an estimated amount of $50,000, the actual amount to be proven at trial.

32.

As a further result of his sexual abuse by BEAN, M.S.G. suffered non-economic losses, including, but not limited to, emotional injury and mental anguish, trauma, an inability to form close relationships, nightmares and sleep disruption, mistrust in the intentions of others, lack of self-esteem, depression, and anxiety. Plaintiff prays for non-economic damages arising from the acts alleged in this claim in the amount of $5,000,000.00.

33.

Plaintiff reserves the right to amend for the addition of punitive damages pursuant to ORS 31.725 – 31.730.

**THIRD CLAIM FOR RELIEF - ABUSE OF A VULNERABLE PERSON**

34.

Plaintiff realleges and incorporates herein all previously alleged paragraphs.

///

///

Sean J. Riddell & Christine S. Mascal
2905 NE Broadway, Portland, OR 97232
971.219.8453 / 503.320.1020
*sean.riddell@live.com / cmascal@mascal-law.com*

_Verified Correct Copy of Original 3/4/2019._

35.

M.S.G was at all relevant times vulnerable and entitled to the protection of ORS 124.100 *et seq.*, because he was an incapacitated person for purposes of ORS 124.100(1)(e)(C) and ORS 125.005(5) since a condition existed in which his ability to receive and evaluate information effectively or to communicate decisions was impaired.

36.

The conduct alleged in paragraphs 30 constituted physical abuse within the meaning of ORS 124.105(1)(a), (g), and (h).

37.

As a result of the defendant's acts and omissions as alleged in this Second Claim for Relief, M.S.G. suffered the damages alleged in paragraphs 31 and 32, and is entitled to an amount equal to three times her economic and non-economic damages, pursuant to ORS 124.100(2)(a) and (b).

38.

Plaintiff is entitled to reasonable attorney fees pursuant to ORS 124.100(2)(c) and reasonable fees for services of her guardian *ad litem* pursuant to ORS 124.100(2)(d).

39.

Plaintiff reserves the right to amend for the addition of punitive damages pursuant to ORS 31.725 – 31.730.

///

///

///

///

///

Sean J. Riddell & Christine S. Mascal
2905 NE Broadway, Portland, OR 97232
971.219.8453 / 503.320.1020
*sean.riddell@live.com / cmascal@mascal-law.com*

_Verified Correct Copy of Original 3/4/2019._

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

### FIRST CLAIM FOR RELIEF
### COUNT 1: DECLARATORY RELIEF FOR RESCESSION

1. A declaration that Exhibit B is rescinded through fraudulent inducement and Exhibit B is unenforceable;

2. A declaration that Exhibit B is rescinded because defendants concealed the actual purpose of Exhibit B and Exhibit B is unenforceable;

3. A declaration that Exhibit B is rescinded as an unlawful contract and Exhibit B is unenforceable;

4. A declaration that Exhibit C is rescinded through fraudulent inducement and Exhibit C is unenforceable;

5. A declaration that Exhibit C is rescinded because defendants concealed the actual purpose of Exhibit C and Exhibit C is unenforceable

6. A declaration that Exhibit C is rescinded as an unlawful contract and Exhibit C is unenforceable.

7. For such relief as the Court deems just and equitable.

### COUNT TWO: UNENFORCEABLE FOR A VIOLATION OF PUBLIC POLICY

8. A declaration that Exhibit B is unenforceable as a violation of public policy;

9. A declaration that Exhibit C is unenforceable as a violation of public policy.

### SECOND CLAIM FOR RELIEF – SEXUAL BATTERY

10. Economic damages in the amount of $50,000.00;

11. Non-economic damages in the amount of $2,000,000.00; and

12. Costs and disbursements incurred herein.

### THIRD CLAIM FOR RELIEF – ABUSE OF A VULNERABLE PERSON

13. Treble economic damages, as alleged in the First Claim for Relief, in the amount of

Sean J. Riddell & Christine S. Mascal
2905 NE Broadway, Portland, OR 97232
971.219.8453 / 503.320.1020
*sean.riddell@live.com / cmascal@mascal-law.com*

_Verified Correct Copy of Original 3/4/2019._

$150,000.00;

14. Treble non-economic damages, as alleged in the First Claim for Relief, in the amount of $6,000.000.00; and

15. Reasonable attorney fees pursuant to ORS 124.100(2)(c).

DATED this 4th day of March 2019.

By:/s/ Sean J. Riddell
Sean J. Riddell, OSB No. 013943
Of Attorneys for Plaintiff

By:/s/ Christine S. Mascal
Christine S. Mascal, OSB No. 903332
Of Attorneys for Plaintiff

Sean J. Riddell & Christine S. Mascal
2905 NE Broadway, Portland, OR 97232
971.219.8453 / 503.320.1020
*sean.riddell@live.com / cmascal@mascal-law.com*

_Verified Correct Copy of Original 3/4/2019._

**CONFIDENTIAL SETTLEMENT AGREEMENT, RELEASE, CIVIL COMPROMISE,**

**AND**

**COVENANT NOT TO SUE**

This Confidential Settlement Agreement, Release, Civil Compromise, and Covenant Not to Sue (Agreement) is made and binding between and among the parties: "MSG", A MINOR INDIVIDUAL, NICOLE [redacted], AN INDIVIDUAL AND A PERSON HAVING LEGAL CUSTODY OF "MSG", (a minor) (collectively, [redacted] and TERRENCE PATRICK BEAN, AN INDIVIDUAL, (**Bean**).

**RECITALS:**

WHEREAS, [redacted] has issued notice that he/they intend to assert civil claims against Bean including, but not limited to: claims for Sexual Assault, Assault, Battery, and Negligent Infliction of Emotional Distress;

WHEREAS, [redacted] has pursued criminal charges arising from events alleged to have occurred in Eugene, Lane County, Oregon on or about September 27, 2013 in the below-captioned action:

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF LANE

| | |
|---|---|
| STATE OF OREGON,<br>Plaintiff,<br>v.<br>TERRENCE PATRICK BEAN,<br>Defendant. | Case No. 20-14-23604<br>**INDICTMENT** |

WHEREAS, [redacted] is or intends to assert that he/they are entitled to damages as a result of the claims;

COMPLAINT EX. A

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

Verified Correct Copy of Original 3/4/2019.

WHEREAS, Bean has not been sued by [REDACTED];

WHEREAS, Bean denies civil liability and criminal culpability to [REDACTED] and any party;

WHEREAS, [REDACTED] desires his/their identity confidential in perpetuity;

WHEREAS, [REDACTED] and Bean (the parties) desire to release and settle all the claims, including all claims – civil and criminal - that were or could have been asserted related to the events of September 27, 2013, fully and finally, without further risks, uncertainties, expenses, and inconveniences of litigation;

WHEREAS, the parties intend that this Agreement settles and compromises all claims – civil and/or criminal - that were or could have been asserted against Bean fully and finally, without further risks, uncertainties, expenses, and inconveniences of litigation; and

WHEREAS, the parties desire to affect a settlement and disposition of all of the issues between them and other named potential parties as set forth in this Agreement pursuant to the provisions of ORS 31.815 and ORS 126.725; and

**NOW, THEREFORE, IT IS HEREBY AGREED AS FOLLOWS:**

FOR AND IN CONSIDERATION of the Agreement and other terms set forth herein, Bean will pay [REDACTED] TWO HUNDRED THOUSAND DOLLARS ($200,000), the receipt of which is hereby acknowledged;

AS FURTHER CONSIDERATION, Bean will keep [REDACTED] identity confidential in perpetuity.

FOR AND IN CONSIDERATION of the Agreement and other terms set forth herein, [REDACTED] agrees to execute and comply with this Agreement.

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

_Verified Correct Copy of Original 3/4/2019._

**RELEASE, CIVIL COMPROMISE, AND COVENANT NOT TO SUE**

The undersigned [REDACTED] does hereby release, covenant and agree forever to refrain from instituting, prosecuting, claiming, testifying, or asserting he/they have the basis for any action, claim or proceeding – civil and/or criminal - against Bean related to the events of September 27, 2013.

This Agreement is executed pursuant to the provisions of ORS 31.815 as an agreement, compromise, and covenant by [REDACTED] (1) not to ever sue Bean for damages, contribution, willful, malicious, intentional, reckless, careless, or negligent tort(s) arising out of the events of September 27, 2013, and (2) not to ever claim, assert, or testify that Bean engaged or attempted to engage in tortious, criminal, and/or unlawful activity related to the events of September 27, 2013.

Bean, through his attorney, shall pay [REDACTED] TWO HUNDRED THOUSAND DOLLARS ($200,000), and [REDACTED] agrees to release and waive any claims for any remaining amounts, including but not limited to any current or future medical expenses, current or future mental health expenses, costs, disbursements, expert's or attorney's fees, whether known or unknown. [REDACTED] accepts the foregoing in full compromise and settlement of any and all claims – civil and/or criminal - against Bean that were or could have been asserted related to the events of September 27, 2013.

[REDACTED] will never again assert, claim, testify, prosecute, or institute any action against Bean, regarding claims alleged or which could have been alleged related to the events of September 27, 2013.

This is a settlement of a disputed claim and the payment by Bean and the waiver by [REDACTED] of any remaining amounts, including but not limited to any current or future

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

_Verified Correct Copy of Original 3/4/2019._

medical expenses, current or future mental health expenses, costs, disbursements, expert's or attorney's fees, whether known or unknown, is not intended to be construed as an admission of liability and Bean hereby expressly denies liability of any kind to [redacted] or any known or unknown third parties.

This Agreement is intended to release and cover and does release and cover and compromise any and all claims – civil and/or criminal - against Bean related to the events of September 27, 2013, whether presently known or unknown by [redacted] or which [redacted] may later develop or be discovered in the future.

This Agreement is a written acknowledgement of full satisfaction by [redacted] for his/their alleged damages and injuries. [redacted] did and does not desire to criminally prosecute Bean. [redacted] did and does not want the State of Oregon, any State, or the United States to criminally prosecute Bean. [redacted] understands and agrees that this Agreement will operate as a civil compromise of any/all criminal charges related to the alleged events of September 27, 2013. [redacted] understands and agrees that if any criminal charges are pursued by any person or entity against Bean arising from the events of September 27, 2013, that Bean will use this Agreement in support of a request and/or motion that said criminal charges should be dismissed with prejudice.

The terms of this Agreement are not mere recitals but are contractual in nature. [redacted] acknowledges he has had ample opportunity to consult an attorney and has actually consulted with an attorney in settling his/their claims and entering into this Agreement and that he/they do so freely, voluntarily, and with a full understanding of its terms. The undersigned further represent they have carefully read the foregoing Agreement, know its contents, and sign the same as their own free act.

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

_Verified Correct Copy of Original 3/4/2019._

**GENERAL PROVISIONS**

**No Admission or Evidence of Liability**

Nothing in this document may be construed as an admission or evidence of any legal liability for the claims – civil and/or criminal - and damages and/or injuries released and settled in this Agreement, and it is expressly understood that this is a compromise of all claims, past, present, or future against Bean

**Confidentiality**

This is a confidential settlement. The existence and terms of this Agreement will only be disclosed to tax advisors, legal counsel, professional consultants, and as otherwise required by law. It will not constitute a breach if, on inquiry, a party responds that allegations between the parties were resolved to the mutual satisfaction of the parties.

**Authority and Liability of Signers**

In the event an individual is signing on behalf of another person, the signer represents and warrants that he or she has authority and capacity to enter into this Agreement on behalf of the person or entity he or she represents and that he or she has been authorized by the governing bodies of his or her respective entities to sign the agreement. In the event that authority or capacity proves not to exist, the signer accepts individual liability for the person for whom he or she is signing in the event of breach.

///

///

///

COMPLAINT EX. A

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

_Verified Correct Copy of Original 3/4/2019._

**Reservation of Rights**

It is agreed that if this Agreement is breached and any action including but not limited to, civil, criminal, regulatory, and/or administrative - is instituted against Bean, this Agreement may be pleaded as a defense.

**Attorney Fees**

Each party to this Agreement will bear all of that party's attorney fees and costs incurred to the date of this Agreement.

**Enforcement of Agreement**

In the event of a material breach of the Agreement or other dispute regarding the enforcement or interpretation of this Agreement, the losing party shall pay attorney fees, costs, and expenses incurred by the prevailing party.

**Governing Law and Venue**

This Agreement shall be construed and interpreted in accordance with the laws of the state of Oregon without regard to its principles of conflict of laws. Because the parties and their respective counsel have reviewed, revised, and negotiated or had the opportunity to review, revise, or negotiate the terms, conditions, and language of this Agreement, the rule of construction that ambiguities are to be resolved against the drafting party does not apply. In the event of any litigation and/or dispute regarding this agreement and/or its terms, the venue of such litigation shall be Multnomah County, State of Oregon, and the arbiter of such dispute shall be Jim Pippin.

**Modification**

This Agreement may not be amended or modified except in writing signed by all parties.

COMPLAINT EX. A

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

_Verified Correct Copy of Original 3/4/2019._

**Saving Clause**

If any provision of this Agreement, or the application of a provision to any person or circumstance is held invalid, the remainder of this Agreement, or the application of that provision to the other persons or circumstances, must not be affected thereby.

**Further Assurances**

The parties agree to execute and deliver any further documents, instruments, and other agreements including, but not limited to compliance with ORS 126.725, as are necessary or convenient to carry out the terms and purposes of this Agreement.

**EXECUTION**

In witness whereof, the parties execute this Agreement effective on

June 10, 2015.

**"MSG"**

By____________________
"MSG" a minor individual

June 10, 2015.

**NICOLE** [redacted]

By____________________
NICOLE GANGALE, as an individual and in her capacity as a person having legal custody of "MSG" (a minor)

June 10, 2015.

**TERRENCE PATRICK BEAN**

By____________________
TERRENCE PATRICK BEAN

Approved as to Form:

Lori Deveny, OSB 893350
ledeveny@att.net
Attorney for Gangale

Approved as to Form:

Derek J. Ashton, OSB 871552
dashton@cosgravelaw.com
Attorney for Terrence Patrick Bean

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

_Verified Correct Copy of Original 3/4/2019._

# CONFIDENTIAL SETTLEMENT AGREEMENT, RELEASE, AND LIMITED[1] COVENANT NOT TO SUE

This Confidential Settlement Agreement, Release, and Limited Covenant Not to Sue (Agreement) is made and binding between and among the parties: "MSG", A MINOR INDIVIDUAL, NICOLE [redacted] GUARDIAN AD LITEM FOR "MSG" AND A PERSON HAVING LEGAL CUSTODY OF "MSG", (a minor) (collectively, [redacted]) and TERRENCE PATRICK BEAN, AN INDIVIDUAL, (**Bean**).

**RECITALS:**

WHEREAS, [redacted] has issued notice that he/they intend to assert civil claims against Bean including, but not limited to: claims for Sexual Assault, Assault, Battery, and Negligent Infliction of Emotional Distress;

WHEREAS, [redacted] is or intends to assert that he/they are entitled to damages, including economic damages for past and future mental health evaluation and treatment, as a result of the claims;

WHEREAS, Bean has not been sued by [redacted]

WHEREAS, Bean desires that [redacted] postpone the filing of, and not file, any civil lawsuit for any claims against Bean until after Bean's criminal matter (scheduled for August 11, 2015) has been finally adjudicated;

WHEREAS, Bean denies civil liability and criminal culpability to [redacted] and any party;

WHEREAS, [redacted] desires his/their identity to remain confidential in perpetuity;

COMPLAINT EX. B

[1]This Agreement releases economic damage claims for past and future mental health evaluation and treatment only.

_Verified Correct Copy of Original 3/4/2019._

WHEREAS, [redacted] and Bean (the parties) desire to settle and release any and all economic damage claims for past and future mental health evaluation and treatment that were or could have been asserted related to events alleged to have occurred in Lane County, Oregon on or about September 27, 2013, fully and finally, without further media attention, risks, uncertainties, expenses, and inconveniences of litigation and understand that this Agreement does that; and

WHEREAS, the parties desire to affect a settlement and final disposition of any and all economic damage claims for past and future mental health evaluation and treatment between them and other named potential parties as set forth in this Agreement pursuant to the provisions of ORS 31.815 and ORS 126.725; and

**NOW, THEREFORE, IT IS HEREBY AGREED AS FOLLOWS:**

FOR AND IN CONSIDERATION of the Agreement and other terms set forth herein, Bean will pay [redacted] TWENTY-THOUSAND DOLLARS ($20,000), the receipt of which is hereby acknowledged;

AS FURTHER CONSIDERATION, [redacted] will not file any civil lawsuit against Bean for any claims before September 10, 2015 or the date when pending criminal charges against Bean in Lane County, Oregon are and have been finally adjudicated, whichever date is later;

AS FURTHER CONSIDERATION, Bean will keep [redacted] identity confidential in perpetuity.

FOR AND IN CONSIDERATION of the Agreement and other terms set forth herein, [redacted] agrees to execute and comply with this Agreement.

//

_Verified Correct Copy of Original 3/4/2019._

**RELEASE AND LIMITED COVENANT NOT TO SUE**

The undersigned [redacted] does hereby release, covenant and agree forever to refrain from instituting, prosecuting, claiming, testifying, or asserting he/they have the basis for any action, claim or proceeding for economic damages for past and future mental health evaluation and treatment against Bean related to events alleged to have occurred on or about September 27, 2013.

This Agreement is executed pursuant to the provisions of ORS 31.815, ORS 40.190, and ORS 40.195, as a settlement agreement and release of any and all economic damage claims for past and future mental health evaluation and treatment and a limited covenant by [redacted] not to ever sue Bean for economic damages for past and future mental health evaluation and treatment related to malicious, intentional, reckless, careless, or negligent tort(s) arising out of the events of September 27, 2013, and (2) not to ever claim, assert, or testify that Bean engaged or attempted to engage in tortious conduct resulting in [redacted] need for past and future mental health evaluation and treatment related to the events of September 27, 2013.

Bean, through his attorney, shall pay [redacted] TWENTY-THOUSAND DOLLARS ($20,000), and [redacted] agrees to release and waive any claims for all economic damages for past and future mental health evaluation and treatment including, but not limited to, any past, current, or future therapy, mental health care, counseling, medical expenses, and/or past, current, or future mental health expenses, costs, disbursements, expert's or attorney's fees, whether known or unknown. [redacted] accepts the foregoing in full compromise and settlement of any and all claims for economic damages for past

_Verified Correct Copy of Original 3/4/2019._

and future mental health evaluation and treatment against Bean that were or could have been asserted related to the alleged events of September 27, 2013.

[REDACTED] agrees to settle and will never again assert, claim, testify, prosecute, or institute any action against Bean for economic damages for past and future mental health evaluation and treatment related to claims alleged or which could have been alleged related to the alleged events of September 27, 2013.

This is a settlement of a disputed claim for economic damages and the payment by Bean and the release and waiver by [REDACTED] of any remaining amounts, including but not limited to any current or future medical expenses, current or future therapy, mental health care, counseling, medical expenses, and/or current or future mental health expenses, costs, disbursements, expert's or attorney's fees, whether known or unknown, is not intended to be construed as an admission of liability and Bean hereby expressly denies criminal culpability and/or liability of any kind to [REDACTED] or any known or unknown third parties.

This Agreement is intended to release and cover and does release and cover and compromise any and all claims for economic damages for past and future mental health evaluation and treatment [REDACTED] may have against Bean related to the events of September 27, 2013, whether presently known or unknown by [REDACTED] or which [REDACTED] may later develop or discover in the future.

This Agreement is a written acknowledgement of full satisfaction by [REDACTED] for his alleged economic damages for past and future mental health evaluation and treatment. The terms of this Agreement are not mere recitals but are contractual in nature. [REDACTED] acknowledges he has had ample opportunity to consult an attorney

_Verified Correct Copy of Original 3/4/2019._

and has actually consulted with an attorney in settling his/their claims for economic damags and entering into this Agreement and that he/they do so freely, voluntarily, and with a full understanding of its terms. The undersigned further represent they have carefully read the foregoing Agreement, know its contents, and sign the same as their own free act.

**GENERAL PROVISIONS**

**No Admission or Evidence of Liability**

Nothing in this document may be construed as an admission or evidence of any legal liability for the claims – civil and/or criminal - and damages and/or injuries released and settled in this Agreement, and it is expressly understood that this is a compromise of all claims for economic damages for mental health evaluation and treatment, past, present, or future against Bean.

**Confidentiality**

This is a confidential settlement. The existence and terms of this Agreement will only be disclosed to tax advisors, legal counsel, professional consultants, and as otherwise required by law.

However, the parties agree and understand this Agreement does not restrict their ability to make statements regarding the unprofessional, tortious and/or unlawful conduct, behavior, and/or statements of the prosecutor and/or detective related to this matter including, but not limited to, the exercise of professional judgment and prosecutorial discretion.

//

//

_Verified Correct Copy of Original 3/4/2019._

**Authority and Liability of Signers**

In the event an individual is signing on behalf of another person, the signer represents and warrants that he or she has authority and capacity to enter into this Agreement on behalf of the person or entity he or she represents and that he or she has been authorized by the governing bodies of his or her respective entities to sign the agreement. In the event that authority or capacity proves not to exist, the signer accepts individual liability for the person for whom he or she is signing in the event of breach.

**Reservation of Rights**

It is agreed that if this Agreement is breached and any action for economic damages including but not limited to, civil, criminal restitution, regulatory, and/or administrative - is instituted against Bean, this Agreement may be pleaded as a defense.

**Attorney Fees**

Each party to this Agreement will bear all of that party's attorney fees and costs incurred to the date of this Agreement.

**Enforcement of Agreement**

In the event of a material breach of the Agreement or other dispute regarding the enforcement or interpretation of this Agreement, the losing party shall pay attorney fees, costs, and expenses incurred by the prevailing party.

**Governing Law and Venue**

This Agreement shall be construed and interpreted in accordance with the laws of the state of Oregon without regard to its principles of conflict of laws. Because the parties and their respective counsel have reviewed, revised, and negotiated or had the

_Verified Correct Copy of Original 3/4/2019._

opportunity to review, revise, or negotiate the terms, conditions, and language of this Agreement, the rule of construction that ambiguities are to be resolved against the drafting party does not apply. In the event of any litigation and/or dispute regarding this agreement and/or its terms, the venue of such litigation shall be Multnomah County, State of Oregon. The parties agree that any such dispute shall first be submitted in good faith for a hearing and potential resolution by arbitrator/mediator Jim Pippin, before resorting to civil litigation.

**Modification**

This Agreement may not be amended or modified except in writing signed by all parties.

**Saving Clause**

If any provision of this Agreement, or the application of a provision to any person or circumstance is held invalid, the remainder of this Agreement, or the application of that provision to the other persons or circumstances, must not be affected thereby.

**Further Assurances**

The parties agree to execute and deliver any further documents, instruments, and other agreements including, but not limited to compliance with ORS 126.725, as are necessary or convenient to carry out the terms and purposes of this Agreement.

//

//

//

//

//

_Verified Correct Copy of Original 3/4/2019._

**EXECUTION**

In witness whereof, the parties execute this Agreement effective on

July 20, 2015.

**"MSG"**

By______________________

"MSG" a minor individual

July 20 2015.

**NICOLE [redacted]**

By______________________

NICO[redacted] individual, in her capacity as a person having legal custody of "MSG" (a minor), and in her capacity as Guardian Ad Litem for MSG (a minor).

July ___ , 2015.

**TERRENCE PATRICK BEAN**

By______________________

TERRENCE PATRICK BEAN

Approved as to Form:

Lori Deveny, OSB 893350
ledeveny@att.net
Attorney for Gangale

Approved as to Form:

______________________

Derek J. Ashton, OSB 871552
dashton@cosgravelaw.com
Attorney for Terrence Patrick Bean

COMPLAINT EX. B

_Verified Correct Copy of Original 3/4/2019._

**CONFIDENTIAL SETTLEMENT AGREEMENT, RELEASE, CIVIL COMPROMISE,**

**AND**

**GENERAL COVENANT NOT TO SUE**

This Confidential Settlement Agreement, Release, Civil Compromise, and General Covenant Not to Sue (Agreement) is made and binding between and among the parties: "MSG", A MINOR INDIVIDUAL, NICOLE [redacted] AN INDIVIDUAL AND A PERSON HAVING LEGAL CUSTODY OF "MSG", (a minor) (collectively, [redacted] and TERRENCE PATRICK BEAN, AN INDIVIDUAL, (**Bean**).

**RECITALS:**

WHEREAS, [redacted] has issued notice that he/they intend to assert civil claims against Bean including, but not limited to: claims for Sexual Assault, Assault, Battery, and Negligent Infliction of Emotional Distress;

WHEREAS, [redacted] had pursued criminal charges arising from events alleged to have occurred in Eugene, Lane County, Oregon on or about September 27, 2013 in the below-captioned action:

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF LANE

| | | |
|---|---|---|
| STATE OF OREGON<br>Plaintiff,<br>v.<br>TERRENCE PATRICK BEAN<br>Defendant. | ) | Case No. 20-14-23604<br><br>**INDICTMENT** |

WHEREAS, that criminal indictment was dismissed on September 1, 2015;

WHEREAS, [redacted] is or intends to assert that he/they are entitled to damages as a result of the claims;

WHEREAS, Bean has not been sued by [redacted]

COMPLAINT EX. C

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

_Verified Correct Copy of Original 3/4/2019._

WHEREAS, Bean denies civil liability and criminal culpability to [redacted] and any party;

WHEREAS, [redacted] desires his/their identity to remain confidential in perpetuity;

WHEREAS, [redacted] and Bean (the parties) desire to release and settle all the claims, including all claims – civil and/or criminal - that were or could have been asserted related to the events of September 27, 2013, fully and finally, without further risks, uncertainties, expenses, and inconveniences of litigation;

WHEREAS, the parties intend that this Agreement settles and compromises all claims – civil and/or criminal - that were or could have been asserted against Bean fully and finally, without further risks, uncertainties, expenses, and inconveniences of litigation; and

WHEREAS, the parties desire to affect a settlement and disposition of all of the issues between them and other named potential parties as set forth in this Agreement pursuant to the provisions of ORS 31.815 and ORS 126.725.

**NOW, THEREFORE, IT IS HEREBY AGREED AS FOLLOWS:**

FOR AND IN CONSIDERATION of the Agreement and other terms set forth herein, Bean will pay [redacted] TWO HUNDRED THOUSAND DOLLARS ($200,000), the receipt of which is hereby acknowledged;

AS FURTHER CONSIDERATION, Bean will keep [redacted] identity confidential in perpetuity; and

FOR AND IN CONSIDERATION of the Agreement and other terms set forth herein, Gangale agrees to execute and comply with this Agreement.

**RELEASE, CIVIL COMPROMISE, AND COVENANT NOT TO SUE**

The undersigned [redacted] does hereby release, covenant and agree forever to refrain from instituting, prosecuting, claiming, testifying, or asserting he/they have the

///

COMPLAINT EX. C

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

_Verified Correct Copy of Original 3/4/2019._

basis for any action, claim or proceeding – civil and/or criminal - against Bean related to the events of September 27, 2013.

This Agreement is executed pursuant to the provisions of ORS 31.815 as an agreement, compromise, and covenant by [redacted] not to ever sue Bean for damages, contribution, willful, malicious, intentional, reckless, careless, or negligent tort(s) arising out of the events of September 27, 2013, and (2) not to ever claim, assert, or testify that Bean engaged or attempted to engage in tortious, criminal, and/or unlawful activity related to the events of September 27, 2013.

Bean, through his attorney, shall pay [redacted] TWO HUNDRED THOUSAND DOLLARS ($200,000) by wire transfer on or before September 8, 2015, and [redacted] agrees to release and waive any claims for any remaining amounts, including but not limited to any current or future medical expenses, current or future mental health expenses, costs, disbursements, expert's or attorney's fees, whether known or unknown. Gangale accepts the foregoing in full compromise and settlement of any and all claims – civil and/or criminal - against Bean that were or could have been asserted related to the events of September 27, 2013.

[redacted] will never again assert, claim, testify, prosecute, or institute any action against Bean, regarding claims alleged or which could have been alleged related to the events of September 27, 2013.

This is a settlement of a disputed claim and the payment by Bean and the waiver by [redacted] of any remaining amounts, including but not limited to any current or future medical expenses, current or future mental health expenses, costs, disbursements, expert's or attorney's fees, whether known or unknown, shall not be construed as an admission of liability and Bean hereby expressly denies liability of any kind to [redacted] or any known or unknown third parties.

///

COMPLAINT EX. C

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019



_Verified Correct Copy of Original 3/4/2019._

This Agreement is intended to release and cover and does release and cover and compromise any and all claims – civil and/or criminal - against Bean related to the events of September 27, 2013, whether presently known or unknown by [redacted] or which [redacted] may later develop or be discovered in the future.

This Agreement is a written acknowledgement of full satisfaction by [redacted] for his/their alleged damages and injuries. [redacted] did and does not desire to criminally prosecute Bean. [redacted] did and does not want the State of Oregon, any State, or the United States to criminally prosecute Bean. [redacted] understands and agrees that this Agreement will operate as a civil compromise of any/all criminal charges related to the alleged events of September 27, 2013. [redacted] understands and agrees that if any criminal charges are pursued by any person or entity against Bean arising from the events of September 27, 2013, that Bean will use this Agreement in support of a request and/or motion that said criminal charges should be dismissed with prejudice.

The terms of this Agreement are not mere recitals but are contractual in nature. [redacted] acknowledges he/they have had ample opportunity to consult an attorney and have actually consulted with an attorney in settling his/their claims and entering into this Agreement and that he/they do so freely, voluntarily, and with a full understanding of its terms. The undersigned further represent they have carefully read the foregoing Agreement, know its contents, and sign the same as their own free act.

**GENERAL PROVISIONS**

**No Admission or Evidence of Liability**

Nothing in this document may be construed as an admission or evidence of any legal liability for the claims – civil and/or criminal - and damages and/or injuries released and settled in this Agreement, and it is expressly understood that this is a compromise of all claims, past, present, or future against Bean.

///

COMPLAINT EX. C

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

_Verified Correct Copy of Original 3/4/2019._

**Confidentiality**

This is a confidential settlement. The existence and terms of this Agreement will only be disclosed to tax advisors, legal counsel, professional consultants, and as otherwise required by law. However, both parties agree that they are each free to make statements regarding unprofessional and/or unlawful conduct, behavior, and statements of the prosecutors and/or detectives related to the matter in Lane County.

**Authority and Liability of Signers**

In the event an individual is signing on behalf of another person, the signer represents and warrants that he or she has authority and capacity to enter into this Agreement on behalf of the person or entity he or she represents and that he or she has been authorized by the governing bodies of his or her respective entities to sign the agreement. In the event that authority or capacity proves not to exist, the signer accepts individual liability for the person for whom he or she is signing in the event of breach.

**Reservation of Rights**

It is agreed that if this Agreement is breached and any action including but not limited to, civil, criminal, regulatory, and/or administrative - is instituted against Bean, this Agreement may be pleaded as a defense.

**Attorney Fees**

Each party to this Agreement will bear all of that party's attorney fees and costs incurred to the date of this Agreement.

**Enforcement of Agreement**

In the event of a material breach of the Agreement or other dispute regarding the enforcement or interpretation of this Agreement, the losing party shall pay attorney fees, costs, and expenses incurred by the prevailing party.

///

COMPLAINT EX. C

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

_Verified Correct Copy of Original 3/4/2019._

**Governing Law and Venue**

This Agreement shall be construed and interpreted in accordance with the laws of the state of Oregon without regard to its principles of conflict of laws. Because the parties and their respective counsel have reviewed, revised, and negotiated or had the opportunity to review, revise, or negotiate the terms, conditions, and language of this Agreement, the rule of construction that ambiguities are to be resolved against the drafting party does not apply. In the event of any litigation and/or dispute regarding this agreement and/or its terms, the venue of such litigation shall be Multnomah County, State of Oregon, and the arbiter of such dispute shall be Jim Pippin.

**Modification**

This Agreement may not be amended or modified except in writing signed by all parties.

**Saving Clause**

If any provision of this Agreement, or the application of a provision to any person or circumstance is held invalid, the remainder of this Agreement, or the application of that provision to the other persons or circumstances, must not be affected thereby.

///

///

///

///

///

///

///

///

///

///

COMPLAINT EX. C

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

_Verified Correct Copy of Original 3/4/2019._

**Further Assurances**

The parties agree to execute and deliver any further documents, instruments, and other agreements including, but not limited to compliance with ORS 126.725, as are necessary or convenient to carry out the terms and purposes of this Agreement.

**EXECUTION**

In witness whereof, the parties execute this Agreement effective on

September 2, 2015.

**"MSG"**

By_______________________
"MSG" a minor individual

September 2, 2015.

**NICOLE [redacted]**

By_______________________
NICO[redacted]vidual and in her capacity as a person having legal custody of "MSG" (a minor)

September 1, 2015.

**TERRENCE PATRICK BEAN**

By_______________________
TERRENCE PATRICK BEAN

Approved as to Form:

_______________________
Lori Deveny, OSB 893350
ledeveny@att.net
Attorney for Gangale

Approved as to Form:

_______________________
Derek J. Ashton, OSB 871552
dashton@cosgravelaw.com
Attorney for Terrence Patrick Bean

COMPLAINT EX. C

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

_Verified Correct Copy of Original 3/4/2019._

FILED
2019 MAR -4 PM 2:19

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| M.S.G., Plaintiff, v. TERRANCE BEAN, Defendants | 19CV09798 CASE NO. PLAINTIFF'S MOTION TO DESIGNATE KNOWN PARTY BY PSEUDONYM/INITIALS |

MOTION

Pursuant to L.R. 2.035, plaintiff, by and through his attorney, hereby moves this Court for an order allowing him to proceed under a pseudonym as set out in the caption above.

Plaintiff has claims for damages arising out of an incident that occurred on or about September 27, 2013 and is currently the subject of a criminal indictment in Lane County, Oregon case number # 20-1423604. Plaintiff is not named in the criminal indictment, but rather referred to as M.S.G. Defendant Bean is fully aware of the plaintiff's identity, and so will not be prejudiced by plaintiff proceeding under a

SEAN J. RIDDELL
2905 NE BROADWAY ST.,
PORTLAND, OR 97232

_Verified Correct Copy of Original 3/4/2019._

pseudonym. Plaintiff's claims arise out of Defendant Bean's Sexual Battery. Defendant Bean is charged with two counts of Sodomy in the Third Degree and one count of Sexual Abuse in the Third Degree. Plaintiff's claims are sensitive and private in nature, and proceeding under a pseudonym will minimize additional fear, embarrassment, humiliation, and possible retaliation from third parties involved in the abuse which public disclosure of her identity might otherwise generate.

## POINTS AND AUTHORITIES

Multnomah County SLR 2.035:

> In civil actions, the designation of a known party by a name other than the party's true name shall be allowed only upon an order of the Court. If ordered, the designation of such party shall be by use of such party's initials or a fictitious name other than "Jane Doe" or "John Doe." The name "Jane Doe or "John Doe" is reserved to be used for a party whose identity is unknown and the party is being designated as provided in ORCP 20H.

Dated: March 4 2019

Sean J. Riddell, OSB#013943
Attorney for the Plaintiff

SEAN J. RIDDELL
2905 NE BROADWAY ST.,
PORTLAND, OR 97232

_Verified Correct Copy of Original 3/4/2019._

FILED
2019 MAR -4 PM 2:19
FOR MULTNOMAH COUNTY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH **19CV09798**

M.S.G.,

Plaintiff,

v.

TERRANCE BEAN,

Defendant

CASE NO.

ORDER ON EX PARTE MOTION TO DESIGNATE KNOWN PARTY BY PSEUDONYM/INITIALS

**ORDER**

Plaintiff's ex parte Motion to Designate Known Party by Pseudonym/initials:

☒ GRANTED ☐ DENIED

It is so ORDERED.

MAR 0 4 2019

Dated:__________, 2019

Presiding Judge

ORDER

Skip to Main Content Logout My Account Search Menu Search Civil, Family, Probate and Tax Court Case Records Refine Search Back

Location : All Locations Images Help

# REGISTER OF ACTIONS

## CASE NO. 19CV09798

**M.S.G. vs Terrance Bean**

Case Type: **Tort - General**
Date Filed: **03/04/2019**
Location: **Multnomah**

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Bean, Terrance** | |
| **Plaintiff** | **M.S.G.** | **SEAN J RIDDELL**<br>*Retained*<br>971 219-8453(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

03/04/2019 **Complaint**
*Declaratory Relief; NOT SUBJECT TO MANDATORY ARBITRATION*
Created: 03/04/2019 4:49 PM

03/04/2019 **Service**
Bean, Terrance Unserved
Created: 03/04/2019 4:49 PM

03/04/2019 **Motion**
*to designate known party by pseudonym/initials*
Created: 03/05/2019 10:07 AM

03/04/2019 **Order** (Judicial Officer: Bushong, Stephen K. )
*on motion to designate known party by pseudonym/initials*
Signed: 03/04/2019
Created: 03/05/2019 10:07 AM

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** M.S.G. | | | |
| | Total Financial Assessment | | | 834.00 |
| | Total Payments and Credits | | | 834.00 |
| | **Balance Due as of 03/05/2019** | | | **0.00** |
| 03/04/2019 | Transaction Assessment | | | 834.00 |
| 03/04/2019 | Counter Payment | Receipt # 2019-195949 | RIDDELL, SEAN J | (834.00) |